UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

PAULLETO ROGERS,

    Plaintiff,

v.

CITY OF HAZEL PARK
POLICE DEPARTMENT,

    Defendant.
_____/

Civil Action No. 16-10535
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION TO
## GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [R. 19]
## AND DISMISS THE COMPLAINT

**I.**    **INTRODUCTION**

In February 2016, Plaintiff Paulleto Rogers filed a *pro se* civil rights complaint against the City of Hazel Park Police Department (the "Department") alleging that it discriminated against him based on his race by failing to allow him to file a police report regarding an alleged theft, and that the Hazel Park's City Manager, City Attorney, and Police Chief failed to cooperate with a related investigation by the Michigan Department of Civil Rights ("MDCR"). [R. 1].[1] Before the Court is the Department's motion for summary judgment. [R. 19]. Because the Department is not a proper

---

[1] The Honorable Linda V. Parker referred the case to this Court to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b). [R. 15].

defendant and there is no genuine issue of material fact regarding municipal liability, the Court **RECOMMENDS GRANTING** the Department's motion for summary judgment [R. 19] and **DISMISSING** the complaint.

## II. BACKGROUND

On September 20, 2014, Rogers filed a complaint with the MDCR alleging that in June 2014 he tried to file a police report with the Department regarding an alleged theft, but that an officer denied his request and told him to take the people he felt were responsible to court. [R. 19-2]. Rogers stated that he believed he was denied service based on his race. [*Id.*]. The Department received a copy of the MDCR complaint on October 20, 2014, after which Hazel Park's City Attorney sent the MDCR a response indicating that the City of Hazel Park had no information regarding Rogers in that or any other matter. [R. 19-3; R. 19-4]. She also stated that it appeared that the alleged theft reported by Rogers was a civil matter, meaning that the officer appropriately told Rogers that he should take the responsible party to court, and the complaint should be dismissed. [R. 19-4]. The MDCR dismissed Rogers' complaint on October 30, 2015, finding that there was insufficient evidence to proceed. [R. 19-5].

Rogers filed the underlying complaint against the Department on February 9, 2016. [R. 1]. In the complaint, Rogers alleged that (1) in

September 2015,[2] the Department refused to take a police report regarding a theft, (2) the former Hazel Park Police Chief refused to hear his complaint against the Sergeant/Officer who denied his request to file a police report, and (3) Hazel Park's City Manager, City Attorney, and Police Chief failed to cooperate with the underlying MDCR investigation. [*Id.*, PgID 1-2].

The Department moved for summary judgment on April 18, 2016. [R. 19]. Rogers responded, [R. 21, R. 28], and the Department replied, [R. 23].

III. ANALYSIS

A.

Federal Rule of Civil Procedure 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record

---

[2] This is a different date than the June 2014 date Rogers alleged in his MDCR complaint. However, it is immaterial whether Rogers is referring to the June 2014 date or if this was a separate event because, as discussed below, he fails to name a proper defendant and the Department is entitled to judgment as a matter of law.

3

that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

If the movant satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). "'The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Alexander*, 576 F.3d at 558 (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

Additionally, the Court notes that pleadings filed by *pro se* litigants are entitled to a more liberal reading than the Court would afford to formal pleadings submitted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and a

plaintiff must provide more than just bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

The Department argues that it is entitled to summary judgment because a police department is not a legal entity capable of being sued and there is no genuine issue of material fact as to municipal liability. The Court agrees and therefore recommends dismissal.

**B.**

It is well-settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (a city police department is merely an agency of the city, not a legal entity, and therefore is not a proper defendant in a § 1983 lawsuit). Thus, the Department is an improper defendant and is entitled to judgment as a matter of law. *Id.*

Because "[a] suit against a city police department in Michigan is one against the city itself," *Haverstick Enterprises, Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 992, n.1 (6th Cir. 1994), the Court will construe the complaint liberally as a suit against the City of Hazel Park. This, however, does not save Rogers' suit, as municipalities are not liable for "every misdeed of their employees and agents." *Garner v. Memphis Police Dep't*, 8 F.3d 358,

363 (6th Cir. 1993). *See also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("[U]nder § 1983, local governments are responsible only for their *own* illegal acts. They are not vicariously liable under § 1983 for their employees' actions.") (internal quotation marks and citations omitted).

Municipal liability arises only where "the challenged conduct occurs pursuant to a municipality's 'official policy' such that the municipality's promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To succeed on a municipal liability claim, the Sixth Circuit requires a plaintiff to: (1) identify the municipal policy or custom, (2) connect the policy or custom to the municipality, and (3) show that his particular injury was caused by execution of that policy or custom. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

Rogers' complaint does not identify a policy or custom, connect any policy to the City of Hazel Park, or allege the requisite causal connection between a municipal policy or custom and the alleged violation of his constitutional rights. *See id.* Thus, as the Department argues, there is no genuine issue of material fact regarding municipal liability, and the complaint should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Department's motion for summary judgment [R. 19] be **GRANTED** and the complaint be **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 14, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 14, 2016.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS