UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULLETO ROGERS,

    Plaintiff,

v.

                                    Case No. 16-10535
                                    Honorable Linda V. Parker

CITY OF HAZEL PARK POLICE
DEPARTMENT,

    Defendant.
_____/

### OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S SEPTEMBER 14, 2016 REPORT AND RECOMMENDATION; (2) AFFIRMING MAGISTRATE JUDGE'S SEPTEMBER 14, 2016 ORDER; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On February 9, 2016, Plaintiff commenced this civil rights action against Defendant City of Hazel Park Police Department ("Police Department") pursuant to 42 U.S.C. § 1983. The Court referred the matter to Magistrate Judge Elizabeth A. Stafford for all pretrial matters on March 31, 2016. (ECF No. 15.)

On April 11, 2016, Plaintiff filed a motion for appointment of counsel. (ECF No. 17.) On April 18, 2016, the Police Department filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 19.) Plaintiff filed a response to the motion on May 9, 2016, and another response on August 11, 2016. (ECF Nos. 21, 28.) The Police Department filed a reply brief on May 16, 2016.

1

(ECF No. 23.)   Subsequently, the Police Department filed a motion to compel Plaintiff's deposition.   (ECF No. 24.)

On September 14, 2016, Magistrate Judge Stafford issued a Report and Recommendation ("R&R") in which she recommends that the Court grant the Police Department's summary judgment motion.   (ECF No. 29.)   Magistrate Judge Stafford first concludes that the Police Department is an improper defendant, relying on well-settled law in Michigan that a police department is not a legal entity capable of being sued in a § 1983 action.   (*Id*. at Pg ID 164.)   Even if Plaintiff's Complaint is liberally construed as asserting a claim against the City of Hazel Park, Magistrate Judge Stafford recommends granting the motion for summary judgment because Plaintiff does not identify a municipal policy or custom that caused his alleged injury.   (*Id*. at Pg ID 164-65.)

At the conclusion of her R&R, Magistrate Judge Stafford informs the parties that they must file any objections to the R&R within fourteen days.   (*Id*. at Pg ID 166-67.) Magistrate Judge Stafford expressly instructs the parties that the "[f]ailure to file *specific* objections constitutes a waiver of any further right to appeal."   (*Id*. at Pg ID 166, emphasis added.)

In light of her R&R, Magistrate Judge Stafford issued an order on September 14, 2016, denying as moot Plaintiff's motion for appointment of counsel and the Police Department's motion to compel.   (ECF No. 30.)

On September 26, 2016, Plaintiff filed a document which, aside from the certificate of service, reads in full:

> Now comes, Paulleto Rogers hereby files this objection regarding an order denying my request to appointment counsel and instant motion. In as much as having jurisdiction to appoint without bias nor prejudiced.

(ECF No. 33.) On the same date, Plaintiff filed a notice of appeal to the Sixth Circuit. (ECF No. 31.) The Police Department filed a response to Plaintiff's objection on October 3, 2016. (ECF No. 34.)

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the district court "make[s] a de novo determination of those

3

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "However, the court need not provide de novo review where the objections are 'frivolous, conclusive or general.' " *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)); *see also Martin v. LaBelle*, 7 F. App'x 492, 494 (6th Cir. 2001) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("This court has stated that 'a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.' " *Id.* A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff's objection-- to the extent it is even directed to Magistrate Judge Stafford's R&R-- is too general to warrant de novo review. Having carefully reviewed the R&R, this Court concurs with the conclusions reached by Magistrate Judge Stafford

and adopts the magistrate judge's recommendations. If Plaintiff's objection is directed to the magistrate judge's order denying as moot the motion to appoint counsel and to compel, it fails to show that the decision was clearly erroneous or contrary to law. Magistrate Judge Stafford correctly concluded that the motions were moot in light of the disposition of the Police Department's summary judgment motion.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stafford's September 14, 2016 order denying as moot Plaintiff's motion to appoint counsel and the City of Hazel Park Police Department's motion to compel is **AFFIRMED**;

**IT IS FURTHER ORDERED** that the City of Hazel Park Police Department's motion for summary judgment is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 19, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 19, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager